**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170764-U

Order filed August 13, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0764 Circuit No. 16-CF-781 |
| | ) | |
| MICHAEL J. KACZKOWSKI, | ) ) | Honorable Daniel L. Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court erred by denying defendant's motion to suppress evidence because the traffic stop that led to the discovery of the controlled substance was not supported by reasonable suspicion or probable cause and the officer's mistake of law was not objectively reasonable.

¶ 2    Defendant, Michael J. Kaczkowski, appeals his conviction for unlawful possession of a controlled substance. Defendant argues the Will County circuit court erred by denying his motion to suppress evidence because the officer lacked reasonable suspicion or probable cause to stop defendant, and the officer's mistake of law was not objectively reasonable. We vacate

defendant's conviction, reverse the denial of defendant's motion to suppress evidence, and remand for further proceedings.

¶ 3                                  I. BACKGROUND

¶ 4        The State charged defendant with unlawful possession of a controlled substance (720 ILCS 570/401(c) (West 2016)). Prior to trial, defendant filed a motion to suppress evidence, arguing that Bolingbrook Police Officer Patrick Kinsella lacked reasonable suspicion or probable cause to justify the stop of his vehicle.

¶ 5        At the suppression hearing, Kinsella testified that he observed defendant turn into the far-left lane of Route 53. Defendant then activated his right turn signal and moved from the far-left lane to the far-right lane, traversing four lanes of traffic in a continuous motion. Defendant's turn signal flashed for the duration of this maneuver. The far-right lane of Route 53 is an exit-only lane, becoming an on-ramp for Interstate 55. The exit-only lane does not offer drivers any alternate paths—all vehicles in the lane must continue onto the interstate. Kinsella stopped defendant for improperly signaling a lane change. According to Kinsella, defendant "did not travel a long enough distance within those second two [middle] lanes prior to exiting and that was the cause for the stop." After issuing defendant a warning citation, Kinsella searched him, finding capsules containing a white powdery substance that later tested positive for heroin.

¶ 6        Defense counsel played a dashcam video recording of the incident. The video recording showed that once defendant turned onto Route 53, he braked, activated his right turn signal, continued in the far-left lane for approximately three seconds, and carefully moved across traffic into the far-right lane. Defendant's right turn signal continued to flash until Kinsella initiated the stop.

¶ 7        The court denied defendant's motion to suppress evidence.

¶ 8       After a bench trial, the court found defendant guilty of unlawful possession of a controlled substance. The court sentenced defendant to 38 days in jail and 24 months' probation. Defendant appeals.

¶ 9                                         II. ANALYSIS

¶ 10      Defendant argues the circuit court erred by denying his motion to suppress evidence because Officer Kinsella lacked reasonable suspicion or probable cause to conduct the traffic stop. We agree. Kinsella did not have reasonable suspicion or probable cause to stop defendant, and his mistake of law was objectively unreasonable.

¶ 11      We review a circuit court's ruling on a motion to suppress evidence under a two-part test. *People v. Absher*, 242 Ill. 2d 77, 82 (2011). "The circuit court's factual findings are upheld unless they are against the manifest weight of the evidence." *Id.* We review *de novo* whether suppression is warranted. *Id.*

¶ 12      The fourth amendment's reasonableness requirement applies to traffic stops; if an officer can " 'point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' " a stop, then the stop is reasonable. *People v. Close*, 238 Ill. 2d 497, 505 (2010) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). "The officer's suspicion must amount to more than an inarticulate hunch," but need not satisfy probable cause. *Id.* We utilize an objective standard to judge an officer's conduct: "would the facts available to the officer at the moment of the seizure *** warrant a man of reasonable caution in the belief that the action taken was appropriate?" (Internal quotation marks omitted.) *Id.* (quoting *Terry*, 392 U.S. at 21-22).

¶ 13      Section 11-804 of the Illinois Vehicle Code (Code), which governs vehicle turn signal usage, requires a driver to activate his turn signal at least 100 feet before executing a turn in a

3

business or residential district. 625 ILCS 5/11-804(b) (West 2016). According to section 11-804, a driver executes a turn by "enter[ing] a private road or driveway," or by "otherwise turn[ing] a vehicle from a direct course." *Id.* § 11-804(a). Under section 11-801, which lays out required vehicle positioning and turn methods, a driver executes a turn "at an intersection." *Id.* § 11-801(a). To comply with the statute, a driver need only activate his or her turn signal to indicate a lane change—the statute contains no signaling distance requirement where a driver simply changes lanes. See *id.* §§ 11-801, 11-804.

¶ 14        The video recording established that defendant moved from the far-left lane, across two center lanes, into the far-right lane, which becomes an entrance ramp to Interstate 55. Before crossing these lanes, defendant activated his right turn signal, in compliance with section 11-804(d), to indicate his intent to change lanes. Because defendant was not "turning within a business or residence district," his signal did not need to flash for 100 feet before he departed the furthest left lane, or any of the subsequent lanes. *Id.* § 11-804(b). Therefore, defendant did not commit the turn signal violation Kinsella cited as the cause for the stop.

¶ 15        The State argues that defendant subjected himself to the 100-foot signaling distance requirement of section 11-804(b) by executing a turn onto the on-ramp leading from Route 53 to Interstate 55. The State misconstrues the statutory definition of a turn. A driver executes a turn by diverting from a direct course. See *id.* §§ 11-801(a), 11-804(a). Where defendant's maneuver occurred, the far-right lane of Route 53 functions as an exit-only lane. The exit-only lane becomes an on-ramp, ultimately merging with Interstate 55. All vehicles in the exit-only lane must continue onto the interstate. The lane does not allow drivers to divert from their interstate-bound course. Absent this opportunity, drivers cannot execute a turn. Defendant's maneuver

4

constituted a lane change, not a turn, so the 100-foot signaling distance requirement did not apply.

¶ 16    The State also argues that if Kinsella misinterpreted section 11-804 of the Code, then his mistake was objectively reasonable. An officer's objectively reasonable mistake of law does not violate the fourth amendment. *People v. Gaytan*, 2015 IL 116223, ¶ 45 (citing *Heien v. North Carolina*, 574 U.S. 54, 60-61 (2014)). However, an officer commits an unreasonable mistake of law by misinterpreting an unambiguous statute. *Id.*

¶ 17    Sections 11-801 and 11-804 of the Code are unambiguous. These sections define vehicle turns as instances where a driver diverts from a direct course, such as where a driver "turn[s] at an intersection," "turn[s] a vehicle to enter a private road or driveway," or "otherwise turn[s] a vehicle from a direct course." 625 ILCS 5/11-801(a), 11-804(a) (West 2016). Section 11-804(b) applies the 100-foot signaling distance requirement to turns made within business and residence districts. See *id.* § 11-804(b). Section 11-804(d) does not extend the signaling distance requirement to lane changes. See *id.* § 11-804(d).

¶ 18    Kinsella misinterpreted an unambiguous statute, thereby committing an unreasonable mistake of law. See *Gaytan*, 2015 IL 116223, ¶ 45; see also *United States v. Stanbridge*, 813 F.3d 1032, 1037-38 (7th Cir. 2016) ("[The officer] simply was wrong about what the provision required, yet 'an officer can gain no Fourth Amendment advantage through a sloppy study of the law he is duty-bound to enforce.' " (quoting *Heien*, 574 U.S. at 67)). Due to Kinsella's unreasonable mistake of law, the traffic stop at issue violated the fourth amendment, as it was not supported by reasonable suspicion or probable cause. The evidence seized pursuant to the stop should be suppressed. See *People v. McCauley*, 163 Ill. 2d 414, 448 (1994) ("When police conduct results in a violation of constitutional rights, evidence obtained as a result of that

5

violation *** is to be suppressed." (citing *New York v. Harris*, 495 U.S. 14 (1990))). The circuit court erred by concluding otherwise.

¶ 19 Defendant requests that we reverse his unlawful possession of a controlled substance conviction outright, arguing the State cannot sufficiently support a conviction absent the suppressed evidence. We decline defendant's request. Instead, we vacate defendant's conviction, reverse the circuit court's ruling on his motion to suppress evidence, and remand for further proceedings. In doing so, we allow the State to decide whether to pursue the charge further. *People v. Augusta*, 2019 IL App (3d) 170309, ¶ 23.

¶ 20                                    III. CONCLUSION

¶ 21 The judgment of the circuit court of Will County is vacated in part, reversed in part, and remanded for further proceedings.

¶ 22          Vacated in part and reversed in part.
¶ 23          Cause remanded.